Brook L. Cunningham, WSBA #39270
Randall | Danskin, P.S.
601 W. Riverside Avenue, Suite 1500
Spokane, WA  99201-0653
Telephone:  (509) 747-2052
Email: blc@randalldanskin.com

Ryan M. Best, WSBA 33672
Best Law, PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Telephone:  (509) 624-4422
Email:  ryan.best@bestlawspokane.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL DOOLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CPM DEVELOPMENT CORPORATION, d/b/a CENTRAL PRE MIX CONCRETE CO., a Washington corporation,<br><br>Defendant. | No.<br><br>COMPLAINT AND JURY DEMAND |

## I. NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*,

COMPLAINT AND JURY DEMAND - 1

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

("ADA" and "ADAAA") and under 29 U.S.C § 623 Age Discrimination in Employment, to correct unlawful employment practices on the basis of disability and age, and to provide appropriate relief to Michael Dooley, who was adversely affected by such practices. The Plaintiff alleges that CPM Development Corporation, dba Central Pre Mix Concrete Co., ("Defendant" or "CPM") discriminated against Mr. Dooley, when it fired him from a truck driver position at the Spokane Valley, Washington location.

## II.   JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VIII"), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and pursuant to 29 U.S.C. §621 et seq., particularly § 626(b).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Washington.

COMPLAINT AND JURY DEMAND - 2

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

## III.  PARTIES

3. Plaintiff Michael Dooley ("Plaintiff" or "Mr. Dooley") is a formerly married, now widowed, individual and a resident of the State of Washington. Mr. Dooley was employed for four months before CPM terminated his employment on September 11, 2017.

4. At all relevant times, Defendant CPM has continuously been doing business in the State of Washington and has continuously had at least 15 employees.

5. At all relevant times, Defendant CPM has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## IV.  ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff Michael Dooley filed a charge with the EEOC alleging violation of the

COMPLAINT AND JURY DEMAND - 3

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

Age Discrimination in Employment Act of 1967 and the Americans with Disabilities Act of 1990, as amended.

8. On July 18, 2018, a Charge of Discrimination against CPM was filed with the Equal Employment Opportunity Commission.

9. On approximately July 27, 2018, an invitation to mediate was sent to Michael Dooley and CPM.

10. On August 6, 2018, Michael Dooley signed and submitted his paperwork accepting the invitation to mediation.

11. On August 13, 2018, Plaintiff received notification that CPM declined to participate in mediation.

12. On August 24, 2018, Plaintiff sent request to EEOC for Right to Sue letter.

## V. STATEMENT OF CLAIMS

13. On August 27, 2018 the Commission issued the Plaintiff a Notice of Right to Sue.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

COMPLAINT AND JURY DEMAND - 4

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

15. Since at least September 11, 2017 Defendant has engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a) and 29 U.S.C. § 623(a)(2).

16. On approximately February 15, 2017, Plaintiff submitted an online application for employment with Defendant CPM for Mix Truck Driver position.

17. On approximately May 1, 2017, Trevor Baker from CPM contacted Mr. Dooley and offered Mr. Dooley a conditional offer of employment.

18. Mr. Dooley's employment was contingent upon successful completion of a pre-employment physical.

19. On May 15, 2017, Mr. Dooley attended part one of a two-part pre-employment physical with Defendant's contractor Occupational Health Solutions, Inc. ("OHS").

20. Defendant's contractor, specifically Kathy Lepiane, Certified Occupation Nurse Specialist, inquired as to Mr. Dooley's previous work-related injuries.

21. Mr. Dooley acknowledged there was record of his previous work-related injuries and record of his partial permanent disability.

COMPLAINT AND JURY DEMAND - 5

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

22. Based on his record of disability, the Defendant's contractor instructed Mr. Dooley to check the box identifying, "Yes, I have a disability (or previously had a disability)" on the Voluntary Self-Identification of Disability paperwork.

23. Mr. Dooley told Defendant's contractor that he did not have a disability.

24. Defendant's contractor refused to complete the remainder of the physical examination until Mr. Dooley checked the box that identifies, "Yes, I have a disability (or previously had a disability)" on the Voluntary Self-Identification of Disability paperwork.

25. After complying with the direct instruction of the Defendant's contractor, Mr. Dooley was sent to 407 E 2nd Ave Ste 200, Spokane, WA 99202 to complete part-two of the pre-employment physical examination.

26. During the second part of the pre-employment physical examination, Mr. Dooley successfully passed all portions of the physical examination.

27. On May 15, 2017 Mr. Dooley began employment with CPM.

28. On May 30, 2017 Mr. Dooley's wife lost her battle with cancer and Mr. Dooley was on leave from CPM until June 10, 2017.

29. After successfully completing the pre-employment physical examination and after almost two months of performing the essential functions of the

COMPLAINT AND JURY DEMAND - 6

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

job without any complications or accommodations, CPM sent Mr. Dooley a letter on July 14, 2017 "following-up" on the Voluntary Self-Identification form he had completed.

30. Despite successful completion of the pre-employment physical examination and almost two months of performing the essential functions without complication or accommodations, the letter offered Mr. Dooley the opportunity to make a request for potential workplace accommodation.

31. The July 14, 2017 letter indicated that if no response was received within fifteen (15) days, it would be assumed that no accommodation was necessary.

32. As Defendant's contractor had instructed Mr. Dooley to check the box on the voluntary disclosure form and Mr. Dooley was not disabled, Mr. Dooley did not respond to the letter.

33. On July 19, 2017, CPM sent Mr. Dooley another letter. The July 19, 2017 letter stated, "The Job Analysis was not enclosed, which needs to be given to your medical provider with the 'Request for Information from Medical Provider' form. Please ensure that your provider receives both documents."

COMPLAINT AND JURY DEMAND - 7

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

34. The language of the July 19, 2017 indicated to Mr. Dooley this was not optional.

35. Upon receipt of the July 19, 2017 letter, Mr. Dooley contacted Whitney Stein, Human Resource Admin Assistant for CPM and informed her that no accommodation was necessary as he was not disabled and had only checked the box on the Voluntary Self-Identification of Disability form per the instruction of the Defendant's contractor, OHS.

36. Following Mr. Dooley's notification to CPM that he was not disabled, CPM began having closed-door meetings with Mr. Dooley regarding "complaints from customers regarding his behavior."

37. Concurrent to the alleged complaints, CPM began restricting Mr. Dooley's hours by requiring Mr. Dooley to clock out and giving loads to younger drivers who were not at the shop.

38. The efforts of CPM to limit Mr. Dooley's hours was in effort to prevent him from reaching 800 hours before they terminated him.

39. Had Mr. Dooley earned 800 hours, Mr. Dooley would have been eligible to engage in the grievance process offered by the union.

40. After Mr. Dooley ran over a level, CPM placed him on unpaid leave and then terminated his employment.

COMPLAINT AND JURY DEMAND - 8

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

41. At the time of Mr. Dooley's termination, he had earned 680 hours.

42. At the time of Mr. Dooley's termination, Taylor, a younger driver without record of disability, had failed to close a valve on the truck and poured cement throughout the streets of Spokane.

43. At the time of Mr. Dooley's termination, Taylor, a younger driver without record of disability, had hit a car while operating a company truck.

44. Taylor, a younger driver without record of disability, is still employed with CPM.

45. At the time of Mr. Dooley's termination, he had no write-ups or disciplinary actions against him.

46. CPM, through its contractor OHS, perceived Mr. Dooley as disabled based on his record of disability.

47. CPM, through its contractor, OHS, discriminated against Mr. Dooley by requiring him to check the box identifying himself as disabled before allowing the remainder of the pre-employment physical examination.

48. By requiring Mr. Dooley to, "voluntarily identify himself as disabled," CPM appeared compliant when it sent Mr. Dooley a follow-up letter inquiring as to his need for an accommodation.

COMPLAINT AND JURY DEMAND - 9

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

49. At the time CPM sent the letter to Mr. Dooley, Mr. Dooley had successfully completed the pre-employment physical examination and had been performing the essential functions of his job for two months without accommodation.

50. When Mr. Dooley contacted CPM and told him he was not disabled and only checked the box because CPM's contractor, OHS, required it, CPM reported they were receiving customer complaints about Mr. Dooley.

51. At the time Mr. Dooley was terminated, he had no write-ups in his file.

52. At the time Mr. Dooley was terminated, a younger driver with no record of disability had committed more severe infractions than Mr. Dooley's alleged customer complaints.

53. CPM's reasons for terminating Mr. Dooley were pretextual.

54. Mr. Dooley was terminated because CPM, through its agent and contractor, OHS, discriminated against him by perceiving Mr. Dooley as disabled based on a record of disability.

55. CPM, at the time OHS discriminated against Mr. Dooley, had the right to control and had actual control of OHS.

COMPLAINT AND JURY DEMAND - 10

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

56. Mr. Dooley was terminated because CPM discriminated against him based on his age by replacing him with a driver that was less qualified and significantly younger than him.

## VI. FIRST CAUSE OF ACTION: VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. 621 ET SEQ., AND WASHINGTON LAW AGAINST DISCRIMINATION RCW 49.60.010 ET SEQ.

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55, as if set forth fully herein.

58. The Age Discrimination in Employment Act (ADEA) makes it unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to his "compensation, terms, conditions, or privileges of employment," because of such individual's age. The words "compensation, terms, conditions, or privileges of employment" encompass all employee benefits, including such benefits provided pursuant to a bona fide employee benefit plan.

59. RCW 49.60.180 makes it unlawful for an employer to discharge an employee on account of that employee's age or disability status.

60. In order to state a claim under the ADEA an employee must establish that he was older than forty years of age, was performing his work

COMPLAINT AND JURY DEMAND - 11

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

satisfactorily, was fired, was replaced by a substantially younger employee, and that the employer fired the employee because of his age.

61. To state an age discrimination claim under the WLAD an employee need only establish that his age was a substantial factor in the employer's decision to terminate his employment.

62. Mr. Dooley is over forty years of age, and was performing his work satisfactorily, prior to his termination.

63. Defendant willfully violated Plaintiffs' right to be free from age discrimination as guaranteed by the ADEA.

64. Mr. Dooley's shifts were being given to Taylor, a younger driver outside of Mr. Dooley's protected class.

65. Mr. Dooley was replaced by Taylor, a younger driver outside of Mr. Dooley's protected class.

66. CPM fired Mr. Dooley because of his status as a member of a protected class due to his age.

### VII.  SECOND CAUSE OF ACTION: VIOLATION OF AMERICAN DISABILITY ACT 42 U.S.C. § 2000 et seq., AND WASHINGTON LAW AGAINST DISCRIMINATION RCW 49.60.010 ET SEQ.

66. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 65, as if set forth fully herein.

COMPLAINT AND JURY DEMAND - 12

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

67. In order to state a claim for disability discrimination under the ADA and the WLAD an employee must establish membership in a protected class, an adverse employment action, satisfactory performance, and that his membership in a protected class was a motivating or substantial factor in the adverse employment action.

68. RCW 49.60.180 and the ADA makes it unlawful for an employer to discharge an employee on account of that employee's age or disability status.

69. Mr. Dooley is a member of a protected class based on his perceived disability and CPM regarding Mr. Dooley as being disabled.

70. Mr. Dooley suffered adverse changes to the terms and conditions of his employment at CPM and was terminated from his employment at CPM.

71. Mr. Dooley was performing his job satisfactorily and had no write ups in his employee file prior to his termination.

72. Mr. Dooley's perceived membership in the protected class of disabled individuals was a substantial and motivating factor in the termination of his employment with CPM.

## VIII.  PRAYER FOR RELIEF

Plaintiff respectfully prays for:

COMPLAINT AND JURY DEMAND - 13

RANDALL | DANSKIN
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052

(a) Compensation for all injury and damages suffered by Mr. Dooley, including but not limited to, both economic and non-economic damages, in an amount to be proven at trial, including back pay, front pay, pre and post judgment interest, lost benefits of employment, adverse tax consequences of any award for economic damages pursuant to Chapter RCW 49.60 et seq., the ADA, the ADEA, exemplary damages, punitive damages, and Plaintiff respectfully prays that this Honorable Court enter and Order providing Mr. Dooley all remedies available to him by law, including, but not limited to an award of:

(b) pecuniary losses suffered as result of the wrongful termination of Plaintiff's employment, to include, but not limited to, back pay, front pay, and all attendant benefits, with interest;

(c) compensatory damages suffered by Plaintiff as a result of discrimination and retaliation;

(d) costs and reasonable attorneys' fees incurred with this lawsuit as permitted by statute under the Washington Law Against Discrimination, ADA, Title VII, and the ADEA with interest thereon;

(e) punitive damages;

(f) all such other relief or damages as authorized under ADA, WLAD, or ADEA; and

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

1  (g) such other and further relief as the Court deems just or equitable.

Dated this _____ day of November, 2018.

RANDALL | DANSKIN, P.S.

By: _____ s/ Brook L. Cunningham _____
Brook L. Cunningham, WSBA #39270
Attorneys for Plaintiff
601 W. Riverside Avenue, Suite 1500
Spokane, WA  99201
Phone: 509-747-2052
Fax:  509-624-2528
Email:  blc@randalldanskin.com


BEST LAW, PLLC

By: _____ s/ Ryan M. Best _____
Ryan M. Best, WSBA 33672
905 W. Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
Fax: (509) 703-7957
Email:  ryan.best@bestlawspokane.com

COMPLAINT AND JURY DEMAND - 15

**RANDALL | DANSKIN**
A Professional Service Corporation
1500 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON  99201-0653
(509) 747-2052